UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -v- | : | Case No. 14 Cr. 810 (CM) |
| MOSHE MIRILISHVILI, <u>ET AL</u>. | : | |
| | : | |
| Defendants. | | |

------------------------------------------------------X

## NOTICE OF DEFENDANT MOSHE MIRILASHVILI'S MOTIONS *IN LIMINE*

PLEASE TAKE NOTICE, that upon the annexed Affirmation of Henry E. Mazurek with exhibits and the accompanying Memorandum of Law in Support of Defendant Moshe Mirilashvili's Motions *In Limine*, dated January 25, 2016, Dr. Mirilashvili, by his undersigned counsel, hereby moves this Court for the following relief:

   1. An Order precluding the government from introducing expert testimony because it has failed to provide sufficient notice pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure;

   2. An Order precluding or limiting the testimony of Dr. Christopher Gharibo, or conducting a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); and an Order precluding the testimony of William T. Winsley or conducting a hearing pursuant to *Daubert*.

   3. An Order precluding law enforcement witness from offering improper opinions about case related matters, including medical findings or the legitimacy of pain treatment, pursuant to *United States v. Dukagjini*, 326 F.3d 45 (2d Cir. 2003) and its progeny, and because the government has failed to provide sufficient notice pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure;

4. An Order excluding evidence obtained from a law enforcement database maintained by the New York State Bureau of Narcotics Enforcement pursuant to Rule 802 of the Federal Rules of Evidence because it contains inadmissible hearsay and is otherwise irrelevant. Alternatively, we seek an Order precluding the introduction of such evidence or an exhibit summarizing such evidence because the government has failed to comply with Rule 1006 of the Federal Rules of Evidence;

5. An Order excluding evidence regarding the amount of controlled substances prescribed by Dr. Mirilashvili compared to other physicians because such evidence is inadmissible hearsay and unfairly prejudicial and misleading in violation, respectively, of Rules 802 and 403 of the Federal Rules of Evidence;

6. An Order directing the government to make additional disclosures pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny;

7. An Order precluding the government from offering irrelevant and unfairly prejudicial evidence relating to Dr. Mirilashvili's income or the amount of cash seized at his home pursuant to Rules 401 and 403 of the Federal Rules of Evidence;

8. An Order precluding the government from offering evidence about the reputation of Dr. Mirilashvili or his Medical Clinic, which constitutes improper character evidence and is unfairly prejudicial in violation, respectively, of Rules 404 and 403 of the Federal Rules of Evidence;

9. An Order requiring the government to produce in advance of trial any co-conspirator statements it intends to offer pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence and a summary description of the basis for the government's claim that the declarant is a co-conspirator and how the statement furthered the conspiracy;

10. An Order precluding testimony regarding the use of aliases;

11. Leave to file additional *in limine* motions upon the government's production of supplemental expert notice, marked exhibits, and Rule 3500 material.

Dated: New York, New York
January 25, 2016

Respectfully submitted,

By: _____/S/HEM_____
Henry E. Mazurek
Wayne E. Gosnell, Jr.
Clayman & Rosenberg LLP
305 Madison Avenue, Suite 305
New York, New York 10165
(212) 922-1080
mazurek@clayro.com
gosnell@clayro.com
*Attorneys for Defendant Moshe Mirilashvili*