UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA,

       -against-

MOSHE MIRILASHVILI,

               *Defendant.*

-------------------------------------------------------- X

No. S1 14 CR 810 (CM)

**DEFENDANT'S PROPOSED *VOIR DIRE* QUESTIONS**

      The defendant Moshe Mirilashvili respectfully requests that, in addition to the Court's customary questions, that the following supplemental questions be submitted to the jury panel:

## General Questions

      1.      Has any juror or any member of his or her family been employed by any federal, state, city or local government on a voluntary or paid basis?

      2.      Has any juror or any member of his or her family served as a member of a grand jury, state or federal?

      3.      Is any juror or member of his or her family a member of any volunteer crime fighting organization, neighborhood policing organization, or any organization engaged in similar work?

      4.      Has any juror or any member of his or her family had any prior jury service in criminal cases in any court, state or federal?  If so, did the case proceed to verdict and did the Judge or either attorney comment on the verdict?  Would this prior jury service in a criminal case in any way tend to influence your judgment in this particular case?

      5.      Has any juror had any prior jury service in civil cases?  If so, do you understand that the burden of proof in a criminal case is different from that in a civil case?  Do you understand that in a civil case the burden of proof is preponderance of the credible evidence, but

in a criminal case the burden of proof is on the government to prove each element of the offense beyond all reasonable doubt?

6.      Have you or any close friend or relative ever been involved in a criminal case, either as a victim, defendant, witness, or attended court for any reason?  If your answer is "yes", please explain.

7.      Have you or any close friend or relative ever been involved in a civil case, either as a plaintiff, defendant, witness or attended court for any reason?  If your answer is "yes", please explain:

8.      Has any juror or any member of his or her family or close friend ever been the victim of or witness to any crime?  If so, did the juror go or accompany his friend or family member to any police or other law enforcement office in connection with that crime?

9.      Have you ever filed a complaint with the police against anyone?   If your answer is "yes," please describe the complaint.

10.     Is any member of the jury or his or her family now under subpoena or about to be in any criminal or civil case in which the United States is a party?

11.     Does any juror or any member of his or her family have any relationship, or any close friendship, with any city, state or federal law enforcement officer?  If so, what is the nature and extent of that relationship?

12.     Have you, any member of your family, or friends ever been employed by or made an application for employment with any government or law enforcement agency such as: New York City Police Department, the U.S. Attorney's Office or local District Attorney's Office, Department of Justice, the Drug Enforcement Administration, or any other federal or state law enforcement agency?  If yes, which agencies?

13.     Have you, your relatives, or any close friends had any contact with any law enforcement officials which might cause you to favor law enforcement?  If yes, please explain.

14.     Would you be more inclined or less inclined to believe a witness solely because he or she is a law enforcement officer?

15.     General questions should be asked about the juror's and the juror's closest family members occupation, the juror's educational background, and any clubs and organizations that the juror belongs to.

16.     Each juror should be asked:

  a.  Do you subscribe to any magazine or newspaper publications?  If so, name them.

  b.  What television programs do you watch regularly?

  c.  List any hobbies or other non-work activities in which you participate.

### Specific Case Questions

**A.     Nature of the Charges**

17.     Does any juror or any member of his or her family have any knowledge of this case, or did anyone read any news articles or see anything in the media concerning this case?

18.     Based on the description of the case, does any juror feel that he or she could not evaluate the evidence fairly and impartially in a case involving charges of unlawful distribution of pain medicine?

19.     Have you, a family member, or a close friend had any medical training?

20.     Do you have any opinion about whether doctors should prescribe pain medication to patients?

21.     Have you, or any family members or friends, ever been addicted to drugs of any type including prescription medicine?

22.     Have you, or any family members or friends ever been employed by, visited, or received treatment at a pain clinic?

23.     Have you, or any family members or friends, ever been treated for a long-term, or chronic pain condition with prescription medicine?

24.     Do you have any religious, moral, or ethical reasons for not taking prescription pain medication?

25.     Do you believe that prescription pain medication, like Oxycodone, should not be legal even for doctors to prescribe?

26.     Do you think people who use illegal drugs should never, under any circumstances, be prescribed pain medications that are potentially addictive?

27.     Do you think prescription pain medications like Oxycontin, Oxycodone and Percocet are over-prescribed and given to people who do not really need them?

28.     Have you followed stories in the media about potential addiction or other issues related to prescription pain medications like Oxycontin, Oxycodone, or Percocet?

29.     Have you, a family member, or a close friend had any bad experiences from taking prescription pain medications like Oxycontin, Oxycodone, Percocet or others?

30.     Do you think doctors should only take payments for services by medical insurance providers and not directly from patients?

31.     Do you have an existing impression that a doctor should not take payments in cash from a patient?

32.     Do you believe that in today's economy if people are constantly doing business in cash they must be doing something illegal?

33.     Do you believe if people are not depositing their money in a bank and are keeping large amounts at home that they must be doing something illegal?

34.     Do you believe that there ever could be a reason for an insured patient to visit an out-of-network doctor and pay for the visit out-of-pocket, or is that unreasonable to you?

35.     Do you belong to any professional, church or community organization that seeks to curtail or control the use and abuse of prescription pain medications?

36.     Do you have an opinion on the government's "War on Drugs"?

37.     Would your opinion on the government's "War on Drugs" affect your ability to evaluate the evidence fairly in this case?

38.     Do you think doctors should not have a license to prescribe pain medications like Oxycontin, Oxycodone, Percocet, methadone, or other addictive medication?

39.     Do you think doctors should be responsible for the intentional misuse of pain medicine by their patients?

40.     Do you think doctors are responsible when patients sell their prescribed pain medication to others?

41.     Have you or a loved one ever had a bad experience with a medical care professional who failed to do his or her job and caused harm to you or someone you care about?

**B.      The Indictment Is Not Evidence of Guilt**

42.     The Indictment in this case is merely a formal legal pleading, a piece of paper which commences a case but which has no evidentiary weight or significance during the course of this trial whatsoever.  Would the fact that the defendant is indicted cause you to believe that the defendant is not presumed innocent as the law requires?  In other words, would you form preconceptions of the defendant based only on the fact that he is indicted?

43.     Do each of you understand that an indictment is not evidence of guilt?  Is anyone unable to follow my instruction that you are not to consider the fact that the defendant is indicted except for the purpose of understanding the government's charge against him?

**C.      Knowledge of Trial Participants**

44.     The Court should ask the jurors if they have any knowledge or had any dealings with any of the trial participants or list of witnesses.

**D.      Knowledge of Locations**

45.     The Court should ask the jurors if they have any knowledge of the locations that will be referenced in the trial, including Washington Heights, generally, and the vicinity of 450 West 162nd Street in Manhattan.

**E.      Questions Regarding Defendant Moshe Mirilashvili**

46.     You will hear that the defendant is an immigrant from the former Soviet Union, now the Republic of Georgia.  Is there anything about this fact that will not allow you to evaluate the facts in this case fairly?

47.     Do you have negative feelings towards immigrants and whether they should have the full protections of United States law?

6

48.     Do you have any negative feelings about doctors in general that will not allow you to evaluate the facts in this case fairly?

49.     Based on anything I have said up to now, does any juror have a general feeling of prejudice or bias or any emotional feeling at all which would impair his or her judgment in this case?

**F.     Questions Regarding General Principles of Criminal Law**

50.     Is any prospective juror's state of mind such that you are opposed to or find fault with the following basic principles of law:

     a)    Every defendant is entitled to have his case determined from the evidence, or lack of evidence, presented against him without regard to the guilt or non-guilt of anyone else.

     b)    Anyone accused of a crime is presumed to be innocent and such presumption continues even while the jury deliberates, and entitles the defendant to an acquittal <u>unless</u> the jury finds that the government has proven guilt beyond a reasonable doubt.

     c)    At all times, the burden of proof is upon the government; the defendant has no burden of offering proof or taking the stand in his own defense and, if he does not, no unfavorable inference may be drawn against him.

     d)    The defendant must be acquitted unless his guilt is established beyond a reasonable doubt by reliable and credible proof, and not upon suspicion, guess or conjecture.

51.     Will each juror accept the law applicable to this case in its entirety, solely and exclusively from the Court, whether or not the law is consistent with your own understanding of the law, or your opinion of what the law should be?

52.     Will each juror keep his or her mind open and refrain from formulating any opinion until the conclusion of the entire case and the Court's charge?

53.     Will each juror, although it is his or her right and duty to listen to the opinions of his or her co-jurors, render a verdict that will be true to your own understanding and finding with respect to the evidence and with the Court's charge on the law?

54.     Will any juror have any hesitation in rendering a verdict of not guilty with respect to Dr. Mirilashvili if his guilt is not established beyond a reasonable doubt by reliable and credible proof?

55.     This is not a medical malpractice case.  It is a criminal case.  If I instruct you that the legal standards are different between these two types of cases and you cannot convict Dr. Mirilashvili even if you find that he acted negligently or even with gross negligence in prescribing pain medication, would you be able to accept and follow this instruction?

56.     Do you believe your feelings or emotions about medical malpractice might cause you to feel bias against Dr. Mirilashvili even though I have instructed you that this is not a medical malpractice case?

Dated:  New York, New York
        February 18, 2016

                                        Respectfully submitted,


                                        _____/S/_____
                                By:     Henry E. Mazurek
                                        Wayne E. Gosnell
                                        Clayman & Rosenberg LLP
                                        305 Madison Avenue, Suite 305
                                        New York, New York 10165
                                        (212) 922-1080
                                        mazurek@clayro.com
                                        Gosnell@clayro.com
                                        *Attorneys for Defendant Mirilashvili*