

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Henry E. Mazurek
Wayne E. Gosnell, Jr.
mazurek@clayro.com
gosnell@clayro.com

March 8, 2016

By ECF

The Honorable Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Mirilishvili</u>, S2 14 Cr. 810 (CM)

Dear Judge McMahon:

       Dr. Moshe Mirilashvili respectfully moves the Court to preclude the government from offering testimony and other evidence regarding prescriptions for controlled substances ostensibly written by Dr. Mirilashvili in 2010 and 2011 as well as tax and financial records for the same time period. Despite telling the jury that it would hear this evidence, the government has not identified any witness that could provide context necessary for the jury to properly evaluate it. The government's evidence will confuse and mislead the jury; therefore, it will serve no legitimate purpose. Accordingly, pursuant to Federal Rule of Evidence 403, the Court should preclude such evidence.

       During its opening statement, the government informed jurors that they would learn that "before 2012, the defendant had written relatively few prescriptions for oxycodone," (Tr. at 30), and they would "see the way in which [Dr. Mirilashvili's] practice changed over time," reiterating later that Dr. Mirilashvili "had just been writing a handful of prescriptions for oxycodone in 2010 and 2011" but began writing them daily in 2012. (Tr. at 35.) The government also told the jury that they would see evidence that Dr. Mirilashvili "reported no

income to the IRS in 2011" and will seek to introduce Dr. Mirilashvili's joint tax returns from 2010 and 2011 so as to compare them to his joint tax returns from 2012, 2013, and 2014.

Dr. Mirilashvili wrote fewer prescriptions for Oxycodone in 2010 and 2011 as compared to those he wrote in 2012, 2013, or 2014.  He also made more money in 2012 through 2014 than he did in 2010 or 2011.  But without context, the comparison between the two time-frames is misleading because it improperly suggests that Dr. Mirilashvili's was engaged in the same type of medical practice throughout that entire period.  That is simply not true.  In 2010 and 2011, Dr. Mirilashvili worked at several general medical practices; his responsibilities were more akin to those of a general practice physician.  None of the practices he worked at were pain management clinics.

The jury will never be informed of this through government evidence, rendering the context-free comparison-evidence confusing and misleading.  Thus, for the government to suggest to the jury that it should infer criminal conduct because Dr. Mirilashvili's volume of Oxycodone prescription writing increased when he joined a new type of practice is prohibited under Federal Rule of Evidence 403.  *See also United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984) (precluding evidence that would confuse the jury and require a "trial within a trial").

Accordingly, we respectfully request that this Court preclude the government from introducing testimony and other evidence regarding prescriptions for controlled substances ostensibly written by Dr. Mirilashvili in 2010 and 2011 as well as tax and financial records for the same time period.

    Respectfully yours,

      /S/HEM\_
    Henry E. Mazurek
    Wayne E. Gosnell, Jr.
    *Counsel for Defendant Moshe Mirilishvili*

Cc:   Edward B. Diskant (via ECF)
       Brooke Cucinella (via ECF)