```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                         Docket #14cr810
 UNITED STATES OF AMERICA,          :

                   Plaintiff,       :

  - against -                       :

 MOSHE MIRILISHVILI, et al.         : New York, New York
                                      December 11, 2014
                   Defendants.      :

------------------------------------ :

                         PROCEEDINGS BEFORE
                    THE HONORABLE KEVIN N. FOX,
             UNITED STATES DISTRICT COURT MAGISTRATE JUDGE


APPEARANCES:

For the United States     UNITED STATES ATTORNEYS OFFICE
  Of America:             SOUTHERN DISTRICT OF New York City
                          BY:  EDWARD DISKANT, ESQ.
                          One Saint Andrew's Plaza
                          New York, New York 10007

For Mirilishvili:         MIEDEL & MYSLIWIEC
                          BY:  FLORIAN MIEDEL, ESQ.
                          111 Broadway, Suite 1401
                          New York, New York 10006




Transcription Service:  Carole Ludwig, Transcription Services
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

APPEARANCES CONTINUED:

For Middleton:                PATRICK JOYCE, ESQ.
                              70 Lafayette Street
                              New York, New York 10013

For Leonard:                  IRVING COHEN, ESQ.
                              233 Broadway, Suite 2701
                              New York, New York 10279

<u>INDEX</u>

### E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None |  |  |  |  |

### E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|----|----|-----------|
| None |  |  |  |  |

```
1                                                      4

2              THE CLERK:  U.S. v. Moshe Mirilishvili, Damon

3  Leonard, and Carolyn Middleton.  Counsel, please state your

4  name for the record starting with the Government.

5              MS. EDWARD DISKANT:   Good afternoon, Your Honor,

6  Edward Diskant for the Government.  With me at counsel

7  table is Danielle Craig, a paralegal with our office, and

8  Lieutenant Victor Lebraun (phonetic) with the New York City

9  Police Department.

10             THE COURT:   Good afternoon.

11             MR. FLORIAN MIEDEL:   Good afternoon, Your Honor.

12 For Dr. Mirilishvili, Florian Miedel.

13             THE COURT:   Good afternoon.

14             MR. PATRICK JOYCE:   Good afternoon, Your Honor,

15 on behalf of Carolyn Middleton, Patrick Joyce.

16             THE COURT:   Good afternoon.

17             MR. IRVING COHEN:   On behalf of Leonard, Irving

18 Cohen.

19             THE COURT:   Good afternoon.  Beginning with Mr.

20 Leonard, what is the date and time of arrest please?

21             MR. DISKANT:   Today at approximately 10 a.m.

22             THE COURT:   Thank you.  Date and time of arrest

23 for Miss Middleton please.

24             MR. DISKANT:   The same, Your Honor, today at

25 approximately 10 a.m.
```

```
 1                                                        5
 2             THE COURT:   Thank you.  And Mr. Dr. Mirilishvili.
 3             MR. DISKANT:   Today at approximately 7 a.m.
 4             THE COURT:   Thank you.  For each of the
 5   defendants, the purpose of the proceeding is to advise each
 6   of you of certain rights that you have, to inform each of
 7   you of the charge made against you, consider whether
 8   counsel should be appointed for any of you, and to
 9   determine under what conditions each of you might be
10   released.  Do each of you understand?
11             DEFENDANT:   Yes.
12             MS. MIDDLETON:   Yes.
13             THE COURT:   Each of you has the right to be
14   released either conditionally or unconditionally pending
15   trial unless I find there are no conditions that would
16   reasonably assure your presence in court and the safety of
17   the community.  Each of you has a right to be represented
18   by counsel during all court proceedings and during all
19   questioning by authorities.  If you're not able to retain
20   counsel, the Court will appoint counsel to represent you.
21             In that connection, I have before me documents
22   labeled financial affidavit.  Mr. Leonard, sir, do you
23   recognize this document?
24             MR. LEONARD:   Yes, sir.
25             THE COURT:   Would you raise your right hand?  Do
```

```
 1                                                6
 2   you swear or affirm that the statements contained in this
 3   financial affidavit are true statements and that your true
 4   signature appears on the bottom of the affidavit?
 5            MR. LEONARD:   Yes.
 6            THE COURT:   Thank you.  I'm going to appoint Mr.
 7   Cohen to represent you.  The information you've provided
 8   through the affidavit convinces me that you're without the
 9   means to retain counsel.  If you have made false statements
10   through the affidavit, you may expose yourself to a new
11   charge in connection with the false statements.  If your
12   financial circumstances change and you're able to retain
13   counsel, you should advise the Court of your changed
14   circumstance.
15            Miss Middleton, let me also show you this document
16   labeled financial affidavit.  Do you recognize it?
17            MS. MIDDLETON:   Yes.
18            THE COURT:   Would you raise your right hand
19   please?
20            MS. MIDDLETON:   Yes.
21            THE COURT:   Do you swear or affirm that the
22   statements contained in this financial affidavit are true
23   statements and that your true signature appears at the
24   bottom of the affidavit?
25            MS. MIDDLETON:   Yes.
```

```
 1                                                     7
 2              THE COURT:   Thank you.  I'm going to appoint Mr.
 3   Joyce to represent you.  The information you've provided
 4   through the affidavit persuades me that you're without the
 5   means to retain counsel.  If your financial circumstances
 6   change and you're able to retain counsel, you should advise
 7   the Court of that.  And if you have made false statements
 8   through the affidavit, you may expose yourself to a new
 9   charge in connection with those false statements.
10              Dr. Mirilishvili, you're here with retained
11   counsel, is that correct?
12              DR. MIRILISHVILI:   Yes, sir.
13              THE COURT:   Should your financial circumstance
14   change and you're no longer able to retain counsel, you
15   should advise the Court of that so that counsel can be
16   appointed for you.  Mr.
17
18
19              Miss Middleton, let me also show you this document
20   labeled financial affidavit.  Do you recognize it?
21              MS. MIDDLETON:   Yes.
22              THE COURT:   Would you raise your right hand
23   please?
24              MS. MIDDLETON:   Yes.
25              THE COURT:   Each of you has been named in an
```

8

indictment returned by a grand jury in this judicial
district.

THE CLERK:  Mr. Mirilishvili, have you seen a
copy of this indictment?

DR. MIRILISHVILI:  Yes.

THE CLERK:  Have you discussed it with your
attorney?

DR. MIRILISHVILI:  Yes.

THE CLERK:  Would you like me to read the
indictment to you?

DR. MIRILISHVILI:  No.

THE CLERK:  How do you plead?

DR. MIRILISHVILI:  Not guilty.

THE CLERK:  Mr. Leonard, have you seen a copy of
this indictment?

MR. LEONARD:  Yes.

THE CLERK:  Have you discussed it with your
attorney?

MR. LEONARD:  Yes.

THE CLERK:  Would you like me to read the
indictment to you?

MR. LEONARD:  No, sir.

THE CLERK:  How do you plead?

MR. LEONARD:  Not guilty.

9

THE CLERK:   Miss Middleton, have you seen a copy of this indictment?

MS. MIDDLETON:   Yes.

THE CLERK:   Have you discussed it with your attorney?

MS. MIDDLETON:   Yes.

THE CLERK:   Would you like me to read the indictment to you?

MS. MIDDLETON:   No thank you.

THE CLERK:   How do you plead?

MS. MIDDLETON:   Not guilty.

THE COURT:   Thank you.  Is there a date for a conference with the assigned district judge?

MR. DISKANT:   Yes, Your Honor, Judge McMahon has set an initial conference for January 28, 2015 at 2 p.m.

THE COURT:   Thank you.  Let's turn to the issue of bail.  Have the parties received copies of the respective Pretrial Services report?

ATTORNEY:   Yes, Judge.

MR. DISKANT:   Yes, Your Honor.

ATTORNEY:   Yes.

THE COURT:   Beginning with Mr. Leonard, what is the Government's position on bail?

MR. DISKANT:   Your Honor, with respect to Mr.

10

Leonard, I have what I understand to be a joint proposed
package for the Court's consideration.  The package is a
$200,000 personal recognizance bond secured by $5,000 in
cash, the signatures of two financially responsible people,
travel restricted to the Southern and Eastern Districts of
New York, and all other routine conditions as recommended
by Pretrial.  And the Government is amenable to the
defendant's release today on his own signature with a week
to meet all remaining conditions.

THE COURT:   Mr. Cohen, is that recitation in
harmony with your recollection of your discussion with the
Government on bail?

MR. COHEN:   Yes, it is.

THE COURT:   In addition to the proposal made by
the parties which I shall adopt, I'm going to direct that
Mr. Leonard submit to a urinalysis administered by the
Pretrial Services office.  If it is positive for the
presence of a controlled substance, you'll be subject to
additional testing and treatment at the discretion of the
Pretrial Services office.

(pause in proceeding)

THE COURT:   Following are the bail conditions for
Mr. Leonard:  a $200,000 personal recognizance bond, bond
to be cosigned by two financially responsible persons.

11

1

2  Bond should be secured by $5,000 cash.  His travel's

3  restricted to the Southern and Eastern Districts of New

4  York.  He must surrender any travel documents he may

5  possess and not seek or obtain any new replacement travel

6  documents while the criminal action is pending.

7          And he's subject to regular Pretrial supervision.

8  Must submit to urine analysis, administered by the Pretrial

9  Services office.  If the analysis is positive for a

10 controlled substance, then at the discretion of the

11 Pretrial Services office, he's subject to additional

12 testing for drug and drug treatment.

13         Sir, you'll be released today after you execute

14 the bond.  You must satisfy all the bail conditions I've

15 imposed by the 18th day of December 2014.  You must appear

16 in court whenever you are directed to do so.  If you fail

17 to do so, you and any cosigners on your bond will be liable

18 to the Government for the full amount of the bond.  Any

19 cash posted in support of the bond will be forfeited to the

20 Government, a warrant may issue for your arrest, and you

21 may expose yourself to the new charge in connection with

22 your failure to appear in court which would have a penalty

23 separate and apart from any penalty that might be imposed

24 upon you should you be found guilty of the offense outlined

25 in the indictment.  Do you understand, sir?

1                                                      12

2              MR. LEONARD:   Yes, sir.

3              THE COURT:   Is there anything else that we need

4    to address with respect to Mr. Leonard?

5              MR. DISKANT:   Yes, Your Honor, the Government

6    seeks an exclusion of time between today's date and January

7    28.  The purpose of the exclusion is so as to permit the

8    Government (indiscernible) producing discovery and permit

9    defense counsel to review that discovery with their

10   clients.

11             MR. COHEN:   No objection.

12             THE COURT:   The application is granted.  Anything

13   else from either party?

14             MR. DISKANT:   No, Your Honor.

15             MR. COHEN:   No, Your Honor.  May I be excused

16   now?

17             THE COURT:   Yes.

18             MR. COHEN:   Thank you.

19             THE COURT:   Let's move to Miss Middleton.  What

20   is the Government's position on bail with respect to her?

21             MR. DISKANT:   Your Honor, I also have what I

22   understand to be a joint proposed package for the Court's

23   consideration.  With respect to Miss Middleton, the parties

24   would propose a $100,000 personal recognizance bond secured

25   by the signature of her daughter and one additional

13

financially responsible person.  All other standard
conditions as recommended by Pretrial Services.  The
defendant is to be released on her own signature tonight
with two weeks to meet all remaining conditions.

THE COURT:  Well, two weeks from now would bring
us to a date on which the court is closed, the 25th day of
the month.

MR. DISKANT:  Then we'd ask for - I guess the
26th is a court holiday as well.  So the following Monday
then, the 28th I believe or 29th.

THE COURT:  29th day of December is the following
Monday.

MR. DISKANT:  Thank you.  And I should note with
respect to this defendant, I think it is likely covered by
Pretrial's recommendation with respect to illicit
substances, but illicit substances from the Government's
perspective would include oxycodone.  The Government would
request that the defendant not be permitted to fill any
oxycodone prescriptions in her own name without the
approval of Pretrial Services.

THE COURT:  What is the defendant's position on
that application?

MR. JOYCE:  Your Honor, we did consent to the
package's entirety.  I imagine the Pretrial, if Miss

```
 1                                                    14
 2   Middleton presents to them legitimate physical needs for
 3   any prescription, they will, I can't imagine that they
 4   would withhold their approval.  If they did, I would come
 5   to the Court.  I have no problem.  I don't think they're
 6   saying she can't fill it, or she can't fill any
 7   prescriptions; just that she can't do it without the
 8   approval of Pretrial.  So I have no objection to that.
 9            THE COURT:   I'm not going to adopt that portion
10   of the recommendation made by the parties.  Based on all
11   the information provided in the Pretrial Services report,
12   it seems to me that if a physician who's treating Miss
13   Middleton determines that she needs a particular
14   medication, she should have it without the hiatus or
15   waiting notification to the Pretrial Services office and
16   authorization from that office.  Based upon the totality of
17   the information in the Pretrial Services report, I don't
18   want to do anything that would interdict her obtaining
19   appropriate medical services that she might need.
20            MR. DISKANT:   Your Honor, respectfully, I just
21   want to point out the nature of this case is that there are
22   plenty of doctors out there --
23            THE COURT:   I know what the nature of the case
24   is.  I've read the materials.
25            MR. DISKANT:   Okay, the Government would view it
```

15

as – that it's fine.  If the defendant continues to fill

prescriptions written by any of the doctors identified in

the scheme, the Government would view it as a violation and

would reserve the right to take that up with Judge McMahon.

THE COURT:  Following are the bail conditions for

Miss Middleton:  a $100,000 personal recognizance bond,

bond to be cosigned by two financially responsible persons,

one of whom must be Miss Middleton's daughter.  Her

travel's restricted to Southern and Eastern Districts of

New York.  She must surrender any travel documents she may

possess and not seek or obtain any new or replacement

travel documents while the criminal action's pending.

She'll be subject to regular Pretrial supervision.

She must submit to a urine analysis administered

by the Pretrial Services office.  If the analysis is

positive for a controlled substance other than prescribed

medication, she'll be subject to additional drug testing

and drug treatment as deemed appropriate by the Pretrial

Services office.

Miss Middleton, you'll be released today after you

execute the bond.  You must satisfy all the bail conditions

by the 29th day of December 2014.  You must appear in court

whenever you are directed to do so.  If you fail to do so,

you and any cosigners on your bond will be liable to the

```
 1                                                        16
 2   Government for the full amount of the bond, a warrant may
 3   issue for your arrest, and you may expose yourself to a new
 4   charge in connection with your failure to appear in court
 5   which would have a penalty that is separate and apart from
 6   any penalty that might be imposed upon you should you be
 7   found guilty of the offenses outlined in the indictment.
 8   Do you understand?
 9             MS. MIDDLETON:   Yes.
10             THE COURT:   Is there anything else that we need
11   to address with respect to Miss Middleton?
12             MR. DISKANT:   No, Your Honor, thank you.   Time
13   has already been excluded in the case and the exclusion
14   will apply to her as well.
15             THE COURT:   I'm sorry, I didn't hear all that you
16   said.
17             MR. DISKANT:   I said time has already been
18   excluded until the 28th, which will apply to her as well.
19             THE COURT:   Very well.
20             MR. JOYCE:   Your Honor, I just have one question.
21             THE COURT:   Yes.
22             MR. JOYCE:   The Government did mention that they
23   will be providing discovery.   I don't know whether or not
24   they've given a date or a thought process about when
25   discovery will be coming.
```

```
1                                                    17
2              MR. DISKANT:   We can certainly talk about a
3    discovery schedule.
4              THE COURT:   Anything else from either party with
5    respect to Miss Middleton?
6              MR. DISKANT:   No, Your Honor.
7              THE COURT:   All right, Thank you.
8    [appears that section of recording is missing at 20:51 into
9    the recording]
10             THE COURT:   Any cosigners on your bond will be
11   liable to the Government for the full amount of the bond,
12   any money posted in support of the bond be forfeited to
13   Government, a warrant may issue for your arrest, and you
14   may expose yourself to a new charge in connection with your
15   failure to appear in court which would have a penalty that
16   is independent of any penalty that might be imposed upon
17   you should you be found guilty of the offense outlined in
18   the indictment.  Do you understand, sir?  I did not hear
19   your answer.
20             DR. MIRILISHVILI:   Yes.
21             THE COURT:   Is there anything else that we need
22   to address?
23             MR. DISKANT:   Your Honor, I apologize if I missed
24   it.  We would ask, consistent with the recommendation of
25   Pretrial, that there be a condition of release that he
```

1                                                                      18

2  refrain from writing prescriptions for controlled

3  substances.

4           THE COURT:   What is the defendant's position on

5  that request?

6           MR. MIEDEL:   Well, Your Honor, the doctor is a

7  pain management doctor, and part of his practice is to

8  write prescriptions for pain medication.  It's not his

9  entire practice.  There is physical therapy, there are a

10 number of other things that are involved.  But prescribing

11 pain medication is something that is part of his,

12 significant part of his practice, if warranted.  And if he

13 cannot do that, then I think he will not be able to be

14 employed.

15          THE COURT:   Well, the request was not that he

16 refrain from prescribing all pain medication, only

17 particular pain medication.

18          MR. MIEDEL:   Well, right, I don't honestly know

19 what — there may be other pain medication is possibly

20 prescribed, but I assume it's all narcotic-based pain

21 medication.  So they could probably certainly find some

22 other medication that may be possible to do if it's

23 specifically asking oxycodone.  I think the more, perhaps

24 the more appropriate restriction would be obviously to

25 prescribe pain medication only if all the measures of

1                                                          19

2  vetting the patient are met which is to ensure that the

3  patient is properly referred from a identifiable primary

4  physician and has with him or her a requisite documentation

5  such as MRI's or other test results which indicate that

6  perhaps pain management through medication is warranted.

7          THE COURT:   Has the Drug Enforcement

8  Administration barred the defendant from prescribing

9  controlled substances?

10         MR. DISKANT:   That will be the next step if Your

11 Honor does not set that as a condition of release.  I was

12 hopeful that we could handle it as a condition of the

13 defendant's release, but if not, the DEA will begin

14 immediately administrative proceedings to revoke his

15 license.

16         MR. MIEDEL:   Your Honor, also just while we're

17 talking.  If there was a condition about the firearms, I

18 just want to clarify that as the Pretrial Services report

19 indicated, there was an application in 1991 for a firearm.

20 That application was never satisfied, and my client has no

21 firearms, has never possessed firearms.

22         THE COURT:   I can appreciate the request made by

23 the Government and the recommendation made by the Pretrial

24 Services office.  I pause only because the defendant is

25 allowed to practice his profession, and I'm not a physician

1

2  and I can't say that he can be barred from aiding patients

3  who might come to him seeking treatment who might

4  legitimately need a prescription for a particular

5  medication and that he would be prohibited from providing

6  the patient appropriate care because someone who's not

7  trained at medicine has determined that he should not be do

8  so and thereby might harm a patient of his.

9          I appreciate that the Government believes that he

10 has a medical practice that consists, if the information in

11 the indictment and that urged upon me at this proceeding is

12 to be believed, is dedicated to writing prescriptions that

13 don't need to be written for people who legitimately need a

14 particular medication.  But I'm not really in a position, I

15 don't believe, to act prudently to prevent him, if he's

16 treating patients who legitimately need a particular

17 medication and that is the only medication that in his

18 professional judgment, and maybe others who are trained at

19 medicine, believe is the appropriate medication, that he

20 should be prohibited from prescribing it.

21         Now, he's obviously aware and will have

22 discussions with his counsel about the substance of the

23 indictment and how he proceeds going forward given the

24 level of scrutiny that is now focused on him.  So because

25 of my concern, as I've just expressed, I'm going to deny

```
 1                                                    21
 2   the request that he be barred from prescribing oxycodone
 3   medication.
 4             MR. DISKANT:   Your Honor, we'd ask you at least
 5   to impose that condition for a period of 24 hours so that
 6   we can appeal that determination to Judge McMahon.
 7             THE COURT:   All right, I'll grant that
 8   application.  So no prescription for oxycodone should be
 9   issued by you, sir, pending the appeal to the assigned
10   district judge from my determination not to bar you from
11   prescribing oxycodone.  It's expected that the application
12   will be presented to the assigned district judge within 24
13   hours, and she'll act upon it, entertain the parties and
14   act upon it, I'm hopeful.  Is there anything else that we
15   need to address?
16             MR. MIEDEL:   Your Honor, just the collateral was
17   150 --
18             THE COURT:   One hundred fifty thousand dollars
19   cash or property.
20             MR. MIEDEL:   Okay, by the 16th of December,
21   correct?
22             THE COURT:   Correct.
23             MR. MIEDEL:   Thank you.
24             THE COURT:   You're welcome.  Good night.
25   [additional recording for 12/11/14 provided by court]
```

22

THE CLERK:   U.S. v. Moshe Mirilishvili, Mirilishvili, 14cr810 out of wheel C.

THE COURT:   This is assigned to Judge McMahon.

THE CLERK:   And U.S. v. Ryan Thomason out of wheel A.

THE COURT:   Case is assigned to Judge Crotty.

THE CLERK:   Thank you, sir.

THE COURT:   You're welcome.

(end of recording)

(Whereupon the matter is adjourned.)

```
 1                                                          23

 2                       C E R T I F I C A T E

 3

 4         I, Carole Ludwig, certify that the foregoing

 5   transcript of proceedings in the United States District Court,

 6   Southern District of New York, United States of America v.

 7   Mirilishvili and Leonard, Docket #14cr810, was prepared using

 8   PC-based transcription software and is a true and accurate

 9   record of the proceedings.

10

11

12

13

14   Signature_____

15

16   Date:  February 22, 2016

17

18

19

20

21

22

23

24

25
```