**Clayman & Rosenberg** LLP

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Henry E. Mazurek
Wayne E. Gosnell, Jr.
mazurek@clayro.com
gosnell@clayro.com

MEMO ENDORSED

May 6, 2016   5/6/16

DENIED

*[signature]* Colleen McMahon

By ECF

The Honorable Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re:   **United States v. Mirilashvili**, S2 14 Cr. 810 (CM)

Dear Judge McMahon:

    Earlier today, Dr. Moshe Mirilashvili's older brother, Dr. Boris Benson, passed away. They were very close: they grew up together in the Soviet Republic of Georgia; suffered together when their father was arrested and executed by the KGB; emigrated together to the United States in the '70's; and, together, built lives here in America for themselves and their families. Recently Dr. Benson had been ill—though his death was unexpected. Until he was remanded in March, Dr. Mirilashvili cared for his brother on a daily basis. Dr. Mirilashvili respectfully requests that the court set bail, pursuant to 18 U.S.C. § 3145(c), to permit him to attend his brother's funeral and to return to detention later that same day.

    Dr. Benson's funeral is scheduled to be held on Sunday, May 8, 2016 at 12:00 p.m. at Park Side Memorial Chapel, 9860 Queens Boulevard in Queens.

    At his arraignment on December 11, 2014, Magistrate Judge Kevin Fox set the following monetary bail conditions: a $2,000,000 personal recognizance bond which was to be signed by three financially responsible people and secured by $150,000 cash or property. Dr. Mirilashvili satisfied these bail requirements by, among other things, placing a lien on a condominium owned by him and his wife. On March 17, 2016, the jury found Dr. Mirilashvili guilty of the charges in the Indictment. Thereafter, the Court remanded him pursuant to 18 U.S.C. § 3143(a)(2). On April 15, 2016, the Court exonerated Dr. Mirilashvili's bail conditions pursuant to our application.

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 5/6/16 |

18 U.S.C. § 3143(a)(2) provides that a court "shall" detain a defendant who has been convicted of an offense under the Controlled Substances Act for which a maximum of ten years or more is prescribed must be detained unless (1) the court is substantially likely to grant a motion for a new trial or acquittal; (2) the government has recommended a no-jail sentence; and (3) there is clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

Detention is not absolute however. Significantly, 18 U.S.C. § 3145(c) permits the release of a defendant, under appropriate bail conditions, so long as the Court finds by clear and convincing evidence that (1) the person is not likely to flee or pose a danger to the safety of any other person or the community; and (2) that there are "exceptional reasons" why such person's detention would not be appropriate. "Exceptional reasons" exist where there is a "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 .2d 494, 497 (2d Cir. 1991). The test of what constitutes those circumstances is "necessarily a flexible one" and court have "wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (citation omitted).

We respectfully submit that attending the funeral of your sibling, under the circumstances of this case, constitute an "exceptional reason" under Section 3145. As noted above, Dr. Mirilashvili and his brother were very close. They have endured significant tragedy together and their bond was absolute.

All of the other requirements of Section 3145(c) are also met. Dr. Mirilashvili is not a danger to anyone. He has never been accused (or convicted) of any act of violence. Nor is he likely to flee. Although he is aware that he faces a potentially substantial sentence when he is sentenced, he has known that since his arrest in 2014. Moreover, as set forth below, Dr. Mirilashvili is willing to accept *any* condition of bail, including paying for an armed guard to escort him at all times and ensure his compliance with the bail conditions.

We respectfully submit that the bail conditions that were set at arraignment are sufficient for Dr. Mirilashvili's release pursuant to Section 3145(c). Those conditions were: (1) a $2,000,000 personal recognizance bond which was to be signed by three financially responsible people and secured by $150,000 cash or property; (2) travel restricted to the SDNY and EDNY; (3) surrender of all travel documents and no applications for new ones; (4) regular pre-trial supervision; and (5) surrender of his DEA license. Before his remand, Dr. Mirilashvili complied with all of these conditions without incident.[1]

---

[1] Although the Court exonerated his bail, we have not yet filed the satisfaction of judgment for the property that secured the bail so it remains encumbered and available for use as collateral should the Court grant this application.

  To the extent the court requires it, we have also arranged for a private security firm, United Security Incorporated, to escort Dr. Mirilashvili to and from his detention facility, secure him throughout the time he remains on bail, and to ensure his compliance with any conditions set by the court. Dr. Mirilashvili is willing to consent to any additional bail condition imposed by the court.

  We have spoken with the attorneys for the Government who do not consent to Dr. Mirilashvili's request. We have also conferred with the U.S. Marshals Service and are awaiting a response on its position.

  For the reasons set forth above, we respectfully request that the Court grant Dr. Mirilashvili's request for bail to attend his brother's funeral.

           Respectfully submitted,

           /S/HEM

           Henry E. Mazurek
           Wayne E. Gosnell, Jr.
           *Counsel for Defendant Moshe Mirilishvili*

Cc: Edward B. Diskant (by ECF)
   Brooke Cucinella (by ECF)